IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Samantha Calhoun, | |
| *On behalf of herself and those similarly situated*, | Case No. |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| West Road Pizza Stop, Inc.; Ali Alsamawi; Doe Corporation 1-10; John Doe 1-10 | Jury Demand Endorsed Hereon |
| Defendants. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.    Samantha Calhoun, on behalf of herself and similarly-situated individuals, brings this action against Defendants West Road Pizza Stop, Inc.; Ali Alsamawi; Doe Corporation 1-10; and John Doe 1-10 ("Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with

1

minimum wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201, *et seq.*, and M.C.L.A. §408.414.

2.     Defendants operate approximately 4 Sammy's Pizza locations in the

State of Michigan ("Defendants' Sammy's Pizza stores").

3.     Plaintiff seeks to represent the delivery drivers who have worked at the

Defendants' Sammy's Pizza stores.

4.     Defendants repeatedly and willfully violated the Fair Labor Standards

Act and M.C.L.A. §408.414 by failing to adequately reimburse delivery drivers for

their delivery-related expenses, thereby failing to pay delivery drivers the legally

mandated minimum wages for all hours worked.

5.     All delivery drivers at the Defendants' Sammy's Pizza stores, including

Plaintiff, have been subject to the same or similar employment policies and practices.

## Jurisdiction and Venue

6.     Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has

jurisdiction over Plaintiff's FLSA claims.

7.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over

Plaintiff's Michigan law claims.

8.      Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendants reside in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

## Parties

### Plaintiff

### Samantha Calhoun

9.      Plaintiff Samantha Calhoun is a resident of Michigan.

10.     Plaintiff was an "employee" of all of the Defendants as defined in the FLSA and M.C.L.A. §408.412.

11.     Plaintiff has given written consent to join this action.

### Defendants

### West Road Pizza Stop, Inc.

12.     Defendant West Road Pizza Stop, Inc. is a domestic corporation authorized to do business under the laws of Michigan.

13.     West Road Pizza Stop, Inc. is the entity that operates the Defendants' Sammy's Pizza stores.

14.     Upon information and belief, West Road Pizza Stop, Inc. owns four Sammy's Pizza stores in Michigan.

15.    West Road Pizza Stop, Inc. was the entity that appeared on Plaintiff's paystubs for work she completed for Defendants' Sammy's Pizza stores.

16.    West Road Pizza Stop, Inc. has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

17.    West Road Pizza Stop, Inc. has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

18.    At all relevant times, West Road Pizza Stop, Inc. maintains control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

19.    West Road Pizza Stop, Inc. is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA and M.C.L.A. §408.412.

20.    At all relevant times, West Road Pizza Stop, Inc. has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

21.    West Road Pizza Stop, Inc.'s gross revenue exceeds $500,000 per year.

**Ali Alsamawi**

4

22.　Defendant Ali Alsamawi is the owner of West Road Pizza Stop, Inc. and the Defendants' Sammy's Pizza stores.

23.　Ali Alsamawi is the President of West Road Pizza Stop, Inc.

24.　Ali Alsamawi is the owner of the West Road Pizza Stop, Inc.

25.　Ali Alsamawi operates four Sammy's Pizza stores in Michigan.

26.　Ali Alsamawi is individually liable to the delivery drivers at the Defendants' Sammy's Pizza stores under the definitions of "employer" set forth in the FLSA and M.C.L.A. §408.412 because he owns and operates the Defendants' Sammy's Pizza stores, serves as a president and owner of West Road Pizza Stop, Inc., ultimately controls significant aspects of the Defendants' Sammy's Pizza stores' day-to-day functions, and ultimately controls compensation and reimbursement of employees.  29 U.S.C. § 203(d).

27.　Ali Alsamawi is the franchisee of the Defendants' Sammy's Pizza stores.

28.　At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi has had financial control over the operations at each of the Defendants' Sammy's Pizza stores.

29.    At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi has a role in significant aspects of the Defendants' Sammy's Pizza stores' day to day operations.

30.    At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi has had control over the Defendants' Sammy's Pizza stores' pay policies.

31.    At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi has had power over personnel and payroll decisions at the Defendants' Sammy's Pizza stores, including but not limited to influence of delivery driver pay.

32.    At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi has had the power to hire, fire and discipline employees, including delivery drivers at the Defendants' Sammy's Pizza stores.

33.    At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi has had the power to stop any illegal pay practices that harmed delivery drivers at the Defendants' Sammy's Pizza stores.

34.     At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi has had the power to transfer the assets and liabilities of the Defendant entities.

35.     At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi has had the power to declare bankruptcy on behalf of the Defendant entities.

36.     At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi has had the power to enter into contracts on behalf of each of the Defendants' Sammy's Pizza stores.

37.     At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi has had the power to close, shut down, and/or sell each of the Defendants' Sammy's Pizza stores.

38.     At all relevant times, by virtue of his role as owner and president of the Defendants' Sammy's Pizza stores, Ali Alsamawi had authority over the overall direction of each of Defendants' Sammy's Pizza stores and was ultimately responsible for their operations.

39.     The Defendants' Sammy's Pizza stores function for Ali Alsamawi's profit.

40.    Ali Alsamawi has influence over how the Defendants' Sammy's Pizza stores can run more profitably and efficiently.

**Doe Corporation 1-10**

41.    Upon information and belief, Defendants own, operate, and control other entities and/or limited liability companies that also comprise part of the Defendants' Sammy's Pizza stores, and qualify as "employers" of Plaintiff and the delivery drivers at the Defendants' Sammy's Pizza stores as that term is defined by the FLSA and Michigan wage law.

42.    Upon information and belief, Ali Alsamawi owns and/or operates, in whole or in part, a number of other entities that make up part of the Defendants' Sammy's Pizza operation.

43.    Upon information and belief, the franchisor, Sammy's Pizza, may also be liable as an employer of the delivery drivers employed at Defendants' Sammy's Pizza stores.

44.    The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

45.     Upon information and belief, there are additional individuals who also qualify as "employers" of Plaintiff and the delivery drivers at the Defendants' Sammy's Pizza stores as that term is defined by the FLSA and Michigan wage law.

46.     Upon information and belief, Ali Alsamawi has entered into co-owner relationships with a number of his managers and business partners, and those individuals might also qualify as "employers" of Plaintiff and the delivery drivers at the Defendants' Sammy's Pizza stores as that term is defined by the FLSA and Michigan wage law.

47.     The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

## Facts

### Class-wide Factual Allegations

48.     During all relevant times, Defendants have operated the Defendants' Sammy's Pizza stores.

49.     Plaintiff and the similarly situated persons Plaintiff seeks to represent are current and former delivery drivers at the Defendants' Sammy's Pizza stores.

50.     All delivery drivers employed at the Defendants' Sammy's Pizza stores over the last three years have had essentially the same job duties.

51.     When there are no deliveries to make, Defendants' delivery drivers are required to work inside the Defendants' Sammy's Pizza stores folding boxes, doing dishes, stocking coolers, mopping and sweeping the floor, take the trash out, preparing food, and completing other duties inside the restaurant as necessary.

52.     Plaintiff and similarly situated delivery drivers have been paid minimum wage or minimum wage minus a tip credit for the hours they worked for Defendants' Sammy's Pizza stores.

53.     The job duties performed by delivery drivers inside the store are not related to their tip-producing duties while they are out on the road making deliveries.

54.     Delivery drivers do not complete their inside job duties contemporaneously with their delivery job duties.

55.     The delivery drivers at the Defendants' Sammy's Pizza stores work "dual jobs."

56.     Defendants require delivery drivers at Defendants' Sammy's Pizza stores to provide cars to use while completing deliveries for Defendants.

57.     Defendants require delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

58.     Defendants require delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing charges, licensing and registration costs, cell phone costs, GPS charges, and other equipment necessary for delivery drivers to complete their job duties.

59.     Pursuant to such requirements, Plaintiff and other similarly situated employees purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation and damage, financing, licensing, and registration charges, and incur cell phone and data charges all for the primary benefit of Defendants.

60.     The Defendants' Sammy's Pizza stores reimburse their delivery drivers at a set amount for each delivery drivers deliver.

61.     Defendants reimburse their drivers for their automobile expenses by paying them $1.00 per delivery.

62.     Defendants' reimbursement payments had no connection to the actual expenses incurred by the delivery drivers.

63.     The Defendants' Sammy's Pizza stores do not track or record the delivery drivers' actual expenses.

64.     The Defendants' Sammy's Pizza stores do not collect receipts from their delivery drivers related to the expenses they incur while completing deliveries.

65.     The Defendants' Sammy's Pizza stores do not reimburse their delivery drivers based on the actual expenses the delivery drivers incur.

66.     The Defendants' Sammy's Pizza stores do not reimburse their delivery drivers for the actual expenses delivery drivers incur.

67.     The Defendants' Sammy's Pizza stores do not reimburse their delivery drivers at the IRS standard business mileage rate.

68.     The Defendants' Sammy's Pizza stores did not reasonably approximate the delivery drivers' expenses.

69.     The Defendants' Sammy's Pizza stores' reimbursement payments result in reimbursements that are less than the IRS standard business mileage rate for each mile driven.

70.     According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods have been:

        a.     2017: 53.5 cents/mile
        b.     2018: 54.5 cents/mile
        c.     2019: 58 cents/mile
        d.     2020: 57.5 cents/mile

71.    The delivery drivers at the Defendants' Sammy's Pizza stores have incurred even more in expenses than those contemplated by the IRS standard business mileage rate—*e.g.*, cell phone and data charges.

72.    As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated delivery drivers, they were deprived of minimum wages guaranteed to them by the FLSA and Michigan law.

73.    Defendants have applied the same or similar pay policies, practices, and procedures to all delivery drivers at the Defendants' Sammy's Pizza stores.

74.    Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

75.    Defendants have failed to properly take a tip credit from Plaintiffs' wages and the wages of similarly situated employees because, after accounting for unreimbursed expenses, Defendants have paid delivery drivers a lower wage rate than they informed the delivery drivers they would be paid.

76.     Defendants have also failed to properly inform Plaintiff and similarly situated delivery drivers of the requirements for taking a tip credit. 29 C.F.R.§ 531.59.

77.     Defendants have willfully failed to pay federal and Michigan state minimum wage to Plaintiff and similarly situated delivery drivers at the Defendants' Sammy's Pizza stores.

### Plaintiff's Individual Factual Allegations

78.     Plaintiff worked at Defendants' Sammy's Pizza store in Woodhaven, Michigan from February 2020 to approximately June 2020.

79.     Plaintiff was paid minimum wage minus a tip credit for all hours worked outside of the store.

80.     When Plaintiff was not delivering food, she worked inside the restaurant. Her work inside the restaurant included doing dishes, mopping, sweeping, cleaning the restrooms, preparing food, and completing other duties inside the restaurant as necessary.

81.     Plaintiff worked dual jobs.

82.     Plaintiff's inside duties were not related to her delivery duties.

83.     Plaintiff was paid minimum wage for the hours she works inside the store.

84.     Plaintiff was required to use her own car to deliver pizzas.

85.     Plaintiff was reimbursed a flat rate for each delivery she completed. she was reimbursed a flat rate of $1.00.

86.     Defendants' reimbursement policy resulted in Plaintiff usually receiving approximately $.10 per mile, on average.

87.     When Defendants began taking a tip credit from Plaintiff's wages, they did not properly inform her of the requirements for taking a tip credit.

88.     When they began taking a tip credit from Plaintiff's wages, Defendants failed to inform Plaintiff of the cash wage she would ostensibly receive pursuant to the tip credit.

89.     When they began taking a tip credit from Plaintiff's wages, Defendants failed to inform Plaintiff of the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of tips actually received by the employee.

90.     When they began taking a tip credit from Plaintiff's wages, Defendants failed to inform Plaintiff that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

91.     When they began taking a tip credit from Plaintiff' wages, Defendants failed to inform Plaintiff that the tip credit shall not apply to any employee who has not been informed of the tip credit requirements stated in 29 C.F.R. § 531.59(b).

92.     Alternatively, Defendants failed to properly take a tip credit from Plaintiff's wages because, after accounting for unreimbursed expenses, Defendants had taken more of a tip credit than they informed Plaintiff they would be taking.

93.     Plaintiff was required to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

94.     Plaintiff was required to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, cell phone service, GPS service, automobile financing, licensing and registration costs, and other equipment necessary for delivery drivers to complete their job duties.

95.     Plaintiff has purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation and damage, automobile financing, licensing and registration costs, and incurred cell phone and data charges all for the primary benefit of Defendants.

96.     Defendants did not track the actual expenses incurred by Plaintiff.

97.     Defendants did not ask Plaintiff to provide receipts of the expenses she incurred while delivering pizzas for Defendants.

98.     Defendants did not reimburse Plaintiff based on her actual delivery-related expenses.

99.     Plaintiff was not reimbursed at the IRS standard mileage rate for the miles she drives while completing deliveries.

100.   Defendants did not reimburse Plaintiff based on a reasonable approximation of her expenses.

101.   In 2020, for example, the IRS business mileage reimbursement has been $.575 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. If Plaintiff completed a delivery order that costed $20, and required her to drive 10 miles, the result would be that Plaintiff was reimbursed $1.00 for the delivery, which amounts to $.10 per mile. Considering Plaintiff's estimate of about 10 average miles per delivery (10 miles x $.575 per mile = $5.75), Defendants under-reimbursed her by about $4.75 per delivery ($5.75 - $1.00).

102.   Defendants failed to pay Plaintiff minimum wage as required by law.

## Collective Action Allegations

103.   Plaintiff brings the First Count on behalf of herself and all similarly situated current and former delivery drivers employed at the Defendants' Sammy's Pizza stores owned, operated, and controlled by Defendants nationwide, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

104.   At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and failing to reimburse delivery drivers for automobile expenses and other job-related expenses.  Plaintiff's claims are essentially the same as those of the FLSA Collective.

105.   Defendants' unlawful conduct is pursuant to a company policy or practice.

106.   Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked and to fully reimburse for "tools of the trade."

107. Defendants are aware or should have been aware that they were obligated to actually pay the tipped wage rate that they informed Plaintiff and other delivery drivers that they would pay.

108. Defendants' unlawful conduct has been widespread, repeated, and consistent.

109. The First Count is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

110. The FLSA Collective members are readily identifiable and ascertainable.

111. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## Class Action Allegations

112. Plaintiff brings the Second, and Third Counts under Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All current and former delivery drivers employed by Defendants at the Defendants' Sammy's Pizza stores in the State of Michigan between the date three years prior to the filing of the original complaint and the date of final judgment in this matter ("Rule 23 Class").

113.   Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

114.   The number and identity of the Rule 23 Class members are ascertainable from Defendants' records.

115.   The hours assigned and worked, the positions held, deliveries completed, and the rates of pay and reimbursements paid for each Rule 23 Class Member are determinable from Defendants' records.

116.   All of the records relevant to the claims of Rule 23 Class Members should be found in Defendants' records.

117.   For the purpose of notice and other purposes related to this action, their names and contact information are readily available from Defendants.

118.   Notice can be provided by means permissible under Rule 23.

119.   The Rule 23 Class member are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

120.    There are more than 50 Rule 23 Class members.

121.    Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

122.    Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with M.C.L.A. §408.414.

123.    Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

124.    Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

125.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

126.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

127.   This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

128.   Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

   a. Whether Plaintiff and the Rule 23 Class members were subject to a common expense reimbursement policy that resulted in wages to drop below legally allowable minimum wage;

   b. Whether Plaintiff and the Rule 23 Class were subject to a policy that required them to maintain and pay for safe, operable, and legally compliant automobiles to use in completing deliveries;

   c. Whether Plaintiff and the Rule 23 Class incurred expenses for the benefit of Defendants in the course of completing deliveries;

   d. Whether Defendants reimbursed Plaintiff and the Rule 23 Class members for their actual expenses;

   e. Whether Defendants reimbursed Plaintiff and the Rule 23 Class members at the IRS standard business mileage rate for the miles they drove in making deliveries;

   f. Whether Defendants properly reimbursed Plaintiff and the Rule 23 Class members;

g. Whether Plaintiff and the Rule 23 Class were properly informed of the requirements for taking a tip credit; and

h. Whether Plaintiff and the Rule 23 Class were actually paid the wage rate they were promised by Defendants;

129. In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## CAUSES OF ACTION

### Count 1
### Failure to Pay Minimum Wages - Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

130. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

131. Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

132. Defendants failed to properly claim a tip credit from the wages of Plaintiff and the FLSA collective because Plaintiff and the FLSA collective were paid a wage rate lower than Defendants informed them that they would be paid.

133. Defendants paid Plaintiff and the FLSA Collective at or close to minimum wage for all hours worked.

134.   Defendants required and continue to require Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket, and failed to properly reimburse Plaintiff and the FLSA Collective for said expenses.

135.   By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

136.   Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

137.   As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

**Count 2**
**Failure to Pay Minimum Wages - M.C.L.A. §408.414**
**(On Behalf of Plaintiff and the Rule 23 Class)**

138.   Plaintiff restates and incorporates the following allegations as if fully rewritten herein.

139.   Defendants paid Plaintiff and Rule 23 Class below minimum wage for the hours they worked by requiring them to cover automobile expenses and other job-related expenses.

140.   The Michigan Workforce Opportunity Wage Act, M.C.L.A. §408.411, *et seq.* requires that employers be paid not less than minimum wage as determined by an inflation index (currently $9.65/hour) for all hours worked.

141.   Because Defendants required Plaintiff and the Rule 23 Class to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed to pay Plaintiff and Rule 23 Class minimum wage.

142.   By not paying Plaintiff and Rule 23 Class at least minimum wage for each hour worked, Defendants have violated M.C.L.A. §408.414.

143.   As a result of Defendants' violations, Plaintiff and Rule 23 Class are entitled to damages, including, but not limited to unpaid wages, unreimbursed expenses, an additional one times unpaid wages/unreimbursed expenses in liquidated damages, costs, and attorney fees pursuant to M.C.L.A. §408.419.

**Count 3**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Rule 23 Class)**

144.   Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

145.   Plaintiff and the Rule 23 Class have conferred a benefit upon Defendants, namely, providing and maintaining "tools of the trade" for Defendants' benefit.

146.   The "tools of the trade" include vehicles, insurance for those vehicles, and cellphones.

147.   Defendants knew that Plaintiff and the Rule 23 Class conferred that benefit

on Defendants.

148.   As described above, Defendants received benefits as a result of Plaintiff and the Rule 23 Class providing and maintaining "tools of the trade."

149.   The benefits include, but are not limited to, direct and indirect financial benefits like increased profits and increased ability to compete on the price of Defendants' products.

150.   Defendants did not compensate or under-compensated Plaintiff and the Rule 23 Class for these benefits.

151.   Accordingly, an inequity would result to Plaintiff and Rule 23 Class because of the retention of this benefit by Defendants.

152.   As a result of Defendants having been unjustly enriched, Plaintiff and the Rule 23 Class are entitled to compensation for the value of the benefit Plaintiff and the Rule 23 Class conferred on Defendants.

**WHEREFORE**, Plaintiff Samantha Calhoun prays for all of the following relief:

A.     Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.     Unpaid minimum wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

C.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

D.     Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel.

E.     An award of damages under M.C.L.A. §408.419, based on Defendants' failure to pay minimum wages, calculated as an additional one time of back wages as liquidated damages, attorneys' fees, and costs.

F.     An award of the value of the benefits for which Defendants were unjustly enriched;

G.     An award of prejudgment and post-judgment interest.

H.   An award of the value of the benefits for which Defendants were unjustly enriched on behalf of the Rule 23 Class.

I.   An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

J.   Such other legal and equitable relief as the Court deems appropriate.


Respectfully submitted,

*/s/ Bradley K. Glazier*
Bradley K. Glazier (P35523)
Robert M. Howard (P80740)
BOS & GLAZIER, P.L.C.
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
Telephone: (616) 458-6814
Email: *bglazier@bosglazier.com*

and

Andrew P. Kimble (*pro hac vice forthcoming*)
Philip J. Krzeski (*pro hac vice forthcoming*)
Biller & Kimble, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, OH 45209
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*

*Counsel for Plaintiff and the putative class*

**Certificate of Service**

I hereby certify that a copy of the foregoing was filed electronically. To the extent any parties do not yet receive notice of filings through the electronic filing system, I certify that they will be served with this Motion in accordance with the Federal Rules of Civil Procedure, and that, after service is complete, I will submit a certificate of service.

*/s/ Bradley K. Glazier*
Bradley K. Glazier (P35523)

**JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by

law on all issues herein triable to a jury.

*/s/ Bradley K. Glazier*
Bradley K. Glazier